IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RONALD J. LEBOUEF, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-496 |
| § | |
| DOLPHIN MARINE INT., LLC, et al., § | |
| § | |
| Defendants. § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

This case arises out of claims of personal injuries made by Plaintiff Ronald LeBouef ("Plaintiff") against Defendants Dolphin Marine International, LLC, Dolphin Towing, LLC, and Dolphin Tugs, #2, LLC (collectively "Defendants"). Now before the Court comes Defendants' Motion to Transfer this case to the Eastern District of Louisiana. For the reasons articulated below, Defendants' Motion is **GRANTED**.[1]

**I. Background**

Plaintiff was allegedly injured when he was struck in the head by equipment onboard the M/V Dolphin II on June 26, 2006. The accident occurred while the vessel was off the coast of Louisiana. Plaintiff is a Louisiana resident.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses and Parties*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). Defendants argue that they, along with all relevant crew witnesses, reside in the Eastern District of Louisiana. Plaintiff points to two treating physicians and

an expert economist, who all live in the Southern District of Texas. However, Plaintiff's experts have been retained, and there is no reason to believe that their testimony cannot be either compelled or presented by deposition. Since all fact witnesses live in Louisiana, this factor weighs in favor of transfer.

B. *Cost of Trial*

Since most witnesses reside in Louisiana, it logically follows that a trial in Louisiana would most likely be cheaper. However, there are inevitable costs associated with a trial in any locale, and it is unlikely that the difference in cost between a trial held here and one held in Louisiana will be substantial. Therefore, this factor does not weigh for or against transfer.

C. *Location of Books and Records*

Defendants have not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference. However, Plaintiff's choice of forum is entitled to less deference when he does not reside within this Division or even this District. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of Louisiana. Since this case has no connection to this District or Division, Plaintiff's choice of forum is entitled to little deference, and this factor does not weigh for or against transfer.

E. *Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place off the coast of Louisiana. The residents of this Division have little, if any, interest in the outcome of this case. This factor supports transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is not set for trial until July 9, 2007. Transfer at this early stage in the litigation will not cause significant delay.

**IV. Conclusion**

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendants have carried their burden of demonstrating that transferring this case to the Eastern District of Louisiana would increase the convenience of all involved and would be in the interest of justice. For these reasons, and those outlined above, Defendants' Motion to Transfer Venue is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana. All pending motions are left to the discretion of the transferee Court. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 1st day of November, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge